**WO**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fonovisa, Inc., a California corporation; Sony BMG Music Entertainment, a Delaware general partnership; and UMG Recordings, Inc., a Delaware corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>Juan Estrada and Yolanda Estrada, husband and wife,<br><br>    Defendants. | No.CV: 06-1122-PHX-SMM<br><br>ORDER |

Pending before the Court is Plaintiffs' Motion for Entry of Default Judgment against Defendants (Doc. 15), filed pursuant to Rule 55 of the Federal Rules fo Civil Procedure, and the Local Rules of this Court.

Upon entry of default, a district court may enter default judgment under certain circumstances, except against an infant or incompetent unless represented by a general guardian, committee, conservator, or other individual who has appeared before the Court. FED. R. CIV. P. 55(b)(2). The district court's decision to enter default judgment is discretionary, and it is within the court's power to decline to enter default judgment in favor of a party whose claims

are meritless. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980). When evaluating whether or not to enter default judgment, a district court may also consider, among other things, the sufficiency of the complaint, *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), the sum at stake, *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), and whether the default was due to excusable neglect, *Id.* at 1472.

On April 13, 2007, the Clerk fo the Court entered the default of the Defendants. Despite this, the Court has yet to receive any type of responsive pleading from Defendants. The default established Defendants' liability to Plaintiffs for copyright infringement. The judgment sought by Plaintiffs is the minimum statutory damages provided by Section 504 of the Copyright Act ($750) for each of the eight (8) infringements alleged in the Complaint, for a total of $6,000.00 and injunction pursuant to Section 502 of the Copyright Act.

Section 504(a) of the Copyright Act provides that "an infringer of copyright is liable for...(2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a)(2). Section (c)(1) provides that "the copyright owner may elect, at any time before the final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work...in a sum not less than $750 or more than $3,000 as the court considers just." 17 U.S.C. § 504(c)(1). Plaintiff need not prove actual damages to be entitled to an award of statutory damages. Under the Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. Furthermore, he may make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, even if he has intentionally declined to offer such evidence, although it was available. *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001).

The Court finds that because Plaintiffs seek only the minimum statutory damages and

1 such damages are easily ascertainable from the Complaint, no evidentiary hearing is necessary.

2 As to the injunction, Section 502(a) of the Copyright Act specifically provides for
3 injunctive relief to prevent continued infringement. "Any court having jurisdiction of a civil
4 action arising under this title may, subject to the provisions of section 1498 of title 28,
5 grant...final injunctions on such terms as it may deem reasonable to prevent or restrain
6 infringement of a copyright. 17 U.S.C. § 502(a).

7 Here, Plaintiffs allege that Defendants' infringing conduct is causing irreparable injury
8 and cannot fully be compensated or measured in money. Moreover, they allege that they are
9 certain to suffer continued injury in the future unless the Court enjoins the Defendants from
10 continuing to infringe on Plaintiffs' copyrights. *See* Complaint, ¶ 15.

11 The Court finds that Fonovisa, Inc., a California corporation; Sony BMG Music
12 Entertainment, a Delaware general partnership; and UMG Recordings, Inc., a Delaware
13 corporation, have a meritorious claim, to the amount requested in its motion(), and the default
14 by Defendants was not apparently due to excusable neglect, as he had notice of the instant
15 lawsuit. Therefore, default judgment against Defendants Juan Estrada and Yolanda Estrada and
16 in favor of Plaintiffs Fonovisa, Inc., a California corporation; Sony BMG Music Entertainment,
17 a Delaware general partnership; and UMG Recordings, Inc., a Delaware corporation is
18 appropriate and will be entered accordingly.

19 Based upon Plaintiffs' Motion For Default Judgment By The Court, and good cause
20 appearing therefor,

21 **IT IS HEREBY ORDERED:**

22 1. Defendants shall pay damages to Plaintiffs for infringement of Plaintiffs'
23 copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal
24 sum of Six Thousand Dollars ($6,000.00).

1  2.     Defendants shall pay Plaintiffs' costs of suit herein in the amount of Eight Hundred Twenty Dollars ($ 820.00).

3.     Defendants shall be and hereby are enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "Un Dia A La Vez," on album "16 Super Exitos," by artist "Los Tigres Del Norte" (SR# 124-249);
- "Los Alambrados," on album "16 Exitos De Siempre," by artist "Los Bukis" (SR# 137-077);
- "Necesito Una Companera," on album "16 Super Exitos," by artist "Los Bukis" (SR# 149-919);
- "Con Que Derecho," on album "Asi Como Tu," by artist "Los Tigres Del Norte" (SR# 245-138);
- "Human Nature," on album "Thriller," by artist "Michael Jackson" (SR# 41-965);
- "Smooth Criminal," on album "Bad," by artist "Michael Jackson" (SR# 84-256);
- "Mi Sangre Prisionera," on album "Unidos Para Siempre," by artist "Los Tigres Del Norte" (SR# 221-706);
- "Lithium," on album "Nevermind," by artist "Nirvana" (SR# 135-335);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for

distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

**IT IS FURTHER ORDERED** that Defendants shall destroy all copies of Plaintiffs' Recordings that Defendants have downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendants' possession, custody, or control.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor of Plaintiffs Fonovisa, Inc., a California corporation; Sony BMG Music Entertainment, a Delaware general partnership; and UMG Recordings, Inc., a Delaware corporation, and terminate this action.

DATED this 23rd day of April, 2007.

_____
Stephen M. McNamee
United States District Judge

5